Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JOSELITO CRUZ CAMPOS<br><br>Peticionario<br><br>V.<br><br>PHYSICIAN CORRECTIONAL HMO INC. P/C DE SU TITULAR Sr. RAÚL VILLALOBOS Y OTROS<br><br>Recurridos | TA2025CE00146 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2024CV03488<br><br>Sobre:<br>Daños y perjuicios; Angustias Mentales por omisión |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Jueza Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 4 de agosto de 2025.

El peticionario, Joselito Cruz Campos se encuentra confinado y comparece por derecho propio. El peticionario solicita la desestimación de la *Orden* emitida el 12 de junio de 2025 en la que el Tribunal de Primera Instancia, Sala de Bayamón (TPI) que declaró No Ha Lugar la solicitud de asignación de abogado de oficio.

**I.**

El 11 de junio de 2026, el peticionario presentó la *Demanda* del epígrafe, en la que alegó que Physician Correctional HMO, Inc., incumplió con las normas de atención médica que debió tener sobre este. Sostuvo, en esencia, que desde aproximadamente un año comenzó a tener las enzimas hepáticas elevadas. Luego de varias evaluaciones, el peticionario salió reactivo con infección de Hepatitis C. No obstante, aseguró que no se le brindó el tratamiento necesario por este estar confinado. Por ende, solicitó daños y angustias

Número Identificador:

RES2025_____

mentales por la referida institución al privarle su derecho a recibir el tratamiento médico.

Por su parte, Physician Correctional HMO, Inc. presentó su *Contestación a Demanda.* Alegó, en síntesis, que estos cumplieron con las normas de atención médica generalmente exigidas en Puerto Rico. Sostuvo que su personal proporcionó la mejor práctica de la medicina. A su vez, aseguró que en todo momento se ejerció el grado de cuidado razonable para evitar causar daños innecesarios al confinado.

Posteriormente, el peticionario solicitó al TPI que le designara un abogado de oficio. No obstante, el TPI mediante *Orden* declaró No Ha Lugar a la solicitud de asignación de abogado de oficio. Esto, por no estar incluido los casos de daños dentro de los procedimientos judiciales de naturaleza civil que contempla el Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, 4 LPRA Ap. XXXVIII, según enmendado.

Inconforme, el 7 de julio de 2025, el peticionario presentó el recurso ante nos y alegó el siguiente error:

> Erró el Tribunal de Primera Instancia al denegar [la asignación de un] abogado en la acción civil presentada por el demandante a sabiendas de lo resuelto por este Tribunal respecto a la ley de la Judicatura con relación a la designación de abogados a indigentes.

De igual forma, el peticionario presentó solicitud para litigar en forma *pauperis.*

## II.

### A. Certiorari

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López,* 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v.*

*Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 338 (2012). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020) (citando a *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001)); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016).

En lo pertinente, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, delimita nuestra autoridad y prohíbe la intervención en las determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, salvo en contadas excepciones. *Scotiabank de Puerto Rico v. Zaf Corporation*, 202 DPR 478, 486-487 (2019). Lo previamente señalado persigue evitar dilaciones al revisar controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Id.* Así pues, la Regla 52.1 de Procedimiento Civil, *supra*, dispone que podemos expedir el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el foro primario cuando:

> [S]e recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injuction*] o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias [...] cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. 32 LPRA Ap. V, R. 52.1.

A esos efectos, acreditada debidamente nuestra autoridad para intervenir en el asunto recurrido, la Regla 40 de nuestro

Reglamento, establece los criterios que deben guiar nuestra determinación sobre si procede o no expedir un auto de *certiorari*. *Rivera et al. v. Arcos Dorados et al.*, *supra*, pág. 209; *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019). Los criterios esbozados son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ahora bien, ninguno de los criterios antes citados es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005) (citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560). Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo cuando "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000) (citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986)). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del

correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García v. Padró*, 165 DPR 324, 336 (2005).

### B. Reglamento para la Asignación de Abogados y Abogadas de Oficio

El Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra*, entró en vigor el 1 de enero de 2020 e impone al "Estado el deber de garantizar el acceso a la representación legal a personas de escasos recursos económicos, como corolario al principio constitucional de igualdad ante la ley del Artículo II, Sección 1 de nuestra Constitución". Regla 1 del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra*.

A tenor, dicho Reglamento implementa un sistema para la administración uniforme de las asignaciones de oficio en los procedimientos de naturaleza civil y penal. Regla 2 del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra*. Asimismo, tiene como propósito fomentar el trabajo pro-bono y el hacer viable "el cumplimiento de todo abogado y de toda abogada con su responsabilidad ética de ofrecer servicios legales libre de costo a personas indigentes". *Id.*

En particular, dispone que se podrá asignar abogados de oficio en los procedimientos judiciales de naturaleza civil. Regla 5(b) del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra.* No obstante, estos únicamente se asignarán en los casos que se haya reconocido el derecho de representación legal y en los que estén implicadas las necesidades fundamentales del ser humano. *Id.* En este sentido, la misma Regla 5(b), *supra,* incluye las causas en que se ha reconocido el derecho de representación legal por la vía civil:

(1) Sección 11 de la Ley de la Administración de Servicios de Salud Mental y Contra la Adicción, Ley Núm. 67-1993, según enmendada, 3 LPRA sec. 402j;

(2) Artículos 3.06, 4.19 y 8.22 de la *Ley de Salud Mental de Puerto Rico*, Ley Núm. 408-2000, según enmendada, 24 LPRA secs. 6154e, 6155r y 6159u;

(3) Artículos 4 y 21 de la Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores, Ley Núm. 121-2019.

(4) Artículo 3 de la Carta de Derechos de las Víctimas y Testigos de Delito, Ley Núm. 22-1988, según enmendada, 25 LPRA sec. 973b;

(5) Artículo 5 de la Carta de Derechos de las Personas Viviendo con VIH, Ley Núm. 248-2018, 1 LPRA sec. 528d;

(6) Designación de incapacidad y nombramiento de tutor, sujeto a la inexistencia de bienes que denoten falta de indigencia;

(7) Desahucio, cuando la parte demandada es inquilina que recibe beneficios públicos bajo programas de vivienda pública u otros análogos;

(8) Desahucio en precario;

(9) Ejecución de hipoteca;

(10) Habeas corpus;

(11) Privación de patria potestad, o

(12) Remoción o entrega voluntaria de menores

En cuanto a los casos por necesidades fundamentales del ser humano, el mismo Reglamento dispone que son aquellas en que estén implicados asuntos sobre "vivienda, sustento, salud, seguridad y los derechos de los padres y las madres sobre sus hijos e hijas menores de edad, tales como patria potestad, custodia, filiación, relaciones materno y paterno filiales en conformidad con los parámetros emitidos mediante directriz por la Oficina de Administración de los Tribunales". Regla 4(v) del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra.*

Ahora bien, de forma excepcional, este Reglamento también aplicará a los procedimientos judiciales no reconocidos de forma expresa "cuando el tribunal considere que ordenar la asignación de oficio promueve la sana administración del sistema judicial y la equidad procesal entre las partes, en aras de garantizar el acceso a la justicia [...]". Regla 5(c) del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra.*

## III.

En el presente caso, el señor Joselito Cruz Campos nos solicita que revisemos la *Orden* del TPI, que declaró No Ha Lugar a que se le designara un abogado de oficio. Alega, en esencia, que el foro primario incidió ya que la Ley Núm. 201-2003, conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 y el Código de Ética Profesional de los Abogados de Puerto Rico, le concede el derecho a que se le otorgue un abogado de oficio en un caso de daños. Veamos.

Respecto a la solicitud del peticionario para litigar en forma *pauperis*, esta se declara **Ha Lugar**. De manera que, este queda eximido del pago de aranceles del recurso presentado ante nos por razón de indigencia. Por otro lado, tras examinar la petición de *Certiorari* y luego de evaluar las circunstancias en que se ha reconocido el derecho de representación legal y los casos en que están implicadas las necesidades fundamentales del ser humano, no encontramos fundamento alguno para intervenir con el dictamen recurrido. Así pues, el tribunal *a quo* actuó conforme a su sana discreción al emitir dicho dictamen.

Reiteramos que, como norma general, los foros apelativos no habremos de intervenir con el ejercicio de discreción de los foros primarios, --el cual debe estar guiado por el concepto de razonabilidad--, salvo que sus decisiones resulten arbitrarias o constituyan un abuso de discreción. *BPPR v. SLG Gómez-López, supra*, págs. 334-335. A tenor, no observamos ningún atisbo de prejuicio, parcialidad o error manifiesto en el dictamen del TPI, ni que el mismo pudiera causar un fracaso de la justicia. Por ende, considerando la ausencia de indicios que justifiquen nuestra actuación respecto a la *Orden* impugnada, así como la falta de cumplimiento con los criterios establecidos en la Regla 40 de nuestro Reglamento, *supra*, que ameriten la expedición del presente

recurso, procede que nos abstengamos de intervenir en esta etapa del procedimiento.

**IV.**

Por los fundamentos que anteceden, *denegamos* el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones